IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KIMBERLY RICHARDS**                                           **PLAINTIFF**

v.                                        **CAUSE NO. 1:15CV7-LG-RHW**

**MARK GIBSON; HL & C JACKSON, LLC; and
TOWER LOAN OF MISSISSIPPI, LLC**                                 **DEFENDANTS**

## ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD

BEFORE THE COURT is the [38] Motion To Confirm Arbitration Award filed by Plaintiff Kimberly Richards. Defendants Mark Gibson and HL & C Jackson, LLC (hereinafter "Defendants") have opposed the Motion.[1] Having considered the parties' submissions and the applicable law, the Court is of the opinion that the Motion should be granted.

A complete discussion of the underlying circumstances of this action is included in the Court's [18, 35] previous Orders, and is incorporated herein by reference. An arbitration was conducted and resulted in an Award entered in favor of Plaintiff on April 19, 2016. Plaintiff now requests, pursuant to the provisions of the Federal Arbitration Act (FAA), that the Court enter an Order confirming the Arbitration Award.

Under the FAA,

> [i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to

---

[1] Defendant Tower Loan of Mississippi, LLC has stated that it does not oppose the Motion.

> the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. Here, the parties do not dispute that the Court has jurisdiction to enter judgment on the Arbitration Award or that Plaintiff's request, coming well within one year of the Award, is timely.

The Court may vacate an arbitrator's award in the following limited circumstances set forth in section 10:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrator;
>
> (3) where the arbitrator was guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. Similarly, the Court may only modify or correct an award under section 11:

> (1) where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;
>
> (2) where the arbitrator has awarded upon a matter not submitted to him, unless it is a matter not affecting the merits of the decision upon the matter submitted; or
>
> (3) where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11. It is Defendants' burden to show that the arbitration award should

not be enforced on one or more of these grounds.  *See 21st Fin. Servs., L.L.C. v. Manchester Fin. Bank*, 747 F.3d 331, 336 (5th Cir. 2014); *see also Parker v. J C Penney Corp., Inc.*, 426 F. App'x 285, 288 (5th Cir. 2011).

Defendants have not moved the Court to vacate, modify, or correct the Award.  Their only argument is "[t]hat the award previously entered by the arbitrator is vague and must be clarified as to the parties involved and the amount of credit the Defendants should receive on companion claims against Plaintiff." (Def. Resp. 1 (¶4), ECF No. 44).  They argue that "[u]ntil clarified, the Defendants cannot satisfy the award properly."  (*Id.* at 2 (¶5)).

"'Judicial review of an arbitration award is extraordinarily narrow.'" *Forsythe Int'l, S.A. v. Gibbs Oil Co. of Tex.*, 915 F.2d 1017, 1020 (5th Cir. 1990) (citation omitted); *see also 21st Fin. Servs.*, 747 F.3d at 335 (courts "limit review of arbitration awards to give deference to the decisions of the arbitrator").  Defendants have not stated any basis for vacation of the Award.  Additionally, even if the Court construed Defendants' vagueness argument as a request to modify or correct the Award under section 11, Defendants have not met their burden to show that the Award should not be enforced on that ground.  Rather, it appears to the Court that Defendants are merely attempting to delay satisfying the Award.

In particular, on April 26, 2016, shortly after the arbitrator entered his Award, Defendants represented to Magistrate Judge Walker that they anticipated that the terms of the award would be satisfied within approximately thirty days.

3

Then on June 1, 2016, Defendants represented that they were working to obtain an agreement regarding payment terms to satisfy the Award. This apparently did not happen, however, forcing Plaintiff to file the current Motion before the Court.

In short, the Court is of the opinion that there are no grounds to vacate, modify, or correct the Award under 9 U.S.C. §§ 10 or 11, and that the Court must confirm the award under § 9. Accordingly, the Court will confirm the Arbitrator's Award and enter judgment thereon.

Finally, Plaintiff states "[t]here was a confidentiality agreement between the parties in the arbitration proceedings." (Pl. Mem. 1, ECF No. 39). She "asks the Court to remove the confidentiality provisions as to the actual award so [she] can pursue execution." (*Id.* at 2). The Court is of the opinion that "[t]he parties' agreement to keep arbitration proceedings confidential does not trump the FAA's provisions authorizing actions to vacate or confirm the arbitration award." *Martis v. DISH Network*, No. 1:13cv1106, 2014 WL 2571553, at *7 (W.D. Mich. June 9, 2014); *see also, e.g.*, *Zimmer, Inc. v. Scott*, No. 10 C 3170, 2010 WL 3004237, at *2 (N.D. Ill. July 28, 2010) ("once a party seeks judicial review of an arbitration award, the confidentiality of that award is lost absent compelling justification") (citation, quotation marks, and ellipses omitted). Defendants "had, and spurned, a sure path to dispute resolution with complete confidentiality: accept the result of the closed arbitration." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [38] Motion To Confirm Arbitration Award filed by Plaintiff Kimberly Richards is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff should submit the Arbitration Award to the Court so that it may enter Final Judgment thereon.

**SO ORDERED AND ADJUDGED** this the 30th day of June, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE